GLENS FALLS INS. CO. (DAVEY v.). See Case No. 3,590.

GLENS FALLS PAPER CO. (AMERICAN WOOD-PAPER CO. v.). See Cases Nos. 321 and 321a.

———

## Case No. 5,482.

GLIDDEN et al. v. MANUFACTURERS' INS. CO.

[1 Sumn. 232.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1832.

### MARINE INSURANCE—DEVIATION.

A vessel was insured from A to B, and her port of discharge in the United States. She went to C, and took in a return cargo for D, and stopped at S on the return voyage. The underwriters signed a memorandum, that the deviation to S should not prejudice the insurance, the vessel having sailed from thence to E. There was a total loss by shipwreck. *Held*, that the memorandum did not help the deviation of going to C instead of B; and that the misstatement of the return voyage being to E, made the memorandum of no effect.

Assumpsit [by John Glidden and others] on a policy of insurance. At the trial, which was upon the general issue, there was a demurrer to the evidence, upon which the cause was submitted to the decision of the court.

Messrs. Webster and Kinsman, for plaintiffs.

Mr. Sohier, for defendants.

STORY, Circuit Justice. On the 4th of August, 1830, John Kendrick & Co. caused a policy to be underwritten, for whom it may concern, payable to them in case of loss (on account of the plaintiffs), two thousand dollars on the schooner Orono, from Newcastle, Maine, to her port of discharge in Martinique, and at and from thence to her port of discharge in the United States, at a premium of five per cent. (the vessel being valued at $3000, against the common perils. The vessel had sailed on the voyage on the 11th of June preceding. Instead of going to Martinique, she went to Mariegalante and arrived there on the 14th of July of the same year. She there disposed of her cargo, and took on board a return cargo, without going to Martinique, and departed from thence on the 15th of August, on her return home, being bound to Damariscotta in the state of Maine, and not to Boston. She arrived off, and touched at, St. Eustatia on the

———

[1] [Reported by Charles Sumner, Esq.]

17th of August, and on the 12th of September was shipwrecked and lost, on Lenikin's Neck, in Booth's Bay in Maine, while proceeding towards Damariscotta. An abandonment was duly made, but not accepted; and a claim is now made for a total loss.

These facts are admitted upon a demurrer to the evidence; and if these constituted the whole of the plaintiffs' case, it would be very clear, that they would not be entitled to recover; for there was a deviation from the voyage stated in the policy, the schooner never having gone to Martinique; and, of course, the return voyage of the policy never commenced. But on the 11th of September, 1830, it having been ascertained, that the vessel had been at St. Eustatia, the following memorandum was, by consent of all parties, added to the policy. "Boston, September 11th, 1830. It is now understood, that the within insured vessel has been to St. Eustatia, and sailed thence for Boston about twenty-five days since, which deviation shall not prejudice the within insurance." The question is, whether this memorandum helps the plaintiffs' case. I am of opinion it does not. In the first place, it waives nothing more than the deviation from the voyage by going to St. Eustatia, and not that by going to Mariegalante, and not going to Martinique. In the next place, this waiver is only upon a statement in the memorandum, that the voyage was from St. Eustatia to Boston; whereas it was in fact to Damariscotta. So that, whether the memorandum is taken to be a conditional waiver, or whether it is taken to be substantially the substitution of a new risk, namely, a voyage from St. Eustatia to Boston, the objection is equally fatal. There was either a deviation not waived, or a non-inception of the new voyage. Upon the demurrer to the evidence, therefore, judgment must pass for the defendants.